IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 15-cv-01262-CBS

DANIEL FISCHER,

        Plaintiff,

v.

BROCKTON CAPITAL GROUP, and
ROBERT BROOKS,

        Defendants.

---

ORDER

---

Magistrate Judge Shaffer

This matter comes before the court on Plaintiff Daniel Fischer's "Motion for Leave to Take Early Discovery" ("the Motion"). [Doc. 2]. Plaintiff requests leave to serve subpoenas on third parties United Parcel Service, Inc. ("UPS") and Domains By Proxy, LLC in order to discover and/or confirm Defendants' identities as well as learn Defendants' reliable contact information. According to Plaintiff, Defendants "have taken deliberate steps to obfuscate their true identities and locations by establishing a business address that is nothing more than a private mailbox and using a domain registration service that protects the registrar's true identity." [Doc. 2 at 3]. Through the subpoenas, Plaintiff intends to obtain reliable contact information that will enable Plaintiff to serve the Defendants.

In this action, Plaintiff alleges that Defendants, who appear to be located in California, engaged in unauthorized and unlicensed debt collection in Colorado. [*See* Doc. 1]. Plaintiff

1

asserts two separate claims for violations of the Federal and Colorado Fair Debt Collection Practices Acts. *Id*. at ¶¶ 47-56.

Rule 26(d) of the Federal Rules of Civil Procedure provides that formal discovery may not begin until after the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). The court may, however, in the exercise of its discretion, alter the timing, sequence, and volume of discovery. *See, e.g.*, Fed. R. Civ. P. 26(b)(2) and 26(d). "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'ns Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citing *Pod-Ners, LLC v. N. Feed & Bean of Lucerne, Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002)). Expedited discovery may be appropriate in cases where there is a risk that physical evidence may be consumed or destroyed; in cases involving claims of infringement and unfair competition; or where a party seeks a preliminary injunction. *Id*. And district courts often permit the issuance of a Rule 45 subpoena, prior to a Rule 26(f) conference, to discover a Doe defendant's identity where there is no other way to identify the defendant. *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (citing Internet infringement cases where court have found that the balance of interests favors granting a plaintiff leave to take early discovery).

Here, the court finds that Plaintiff has demonstrated good cause for allowing expedited discovery for the limited purpose of identifying Defendants and learning their reliable contact information so that they may be served. According to Plaintiff, Defendants have concealed their contact information behind private mailboxes and private Internet registration sites. [Doc. 2. at 2-

3]. Without the issuance of subpoenas at this stage, Plaintiff would have no other means of identifying, locating, and serving Defendants. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [Doc. 2] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff may serve subpoenas pursuant to Fed. R. Civ. P. 45 on UPS and Domains By Proxy, LLC. Such subpoenas may require the production of only the following information: the true names, addresses, telephone numbers, and email addresses associated with (1) the address 30251 Golden Lantern Unit E364, Laguna Niguel, California 92677; and (2) the domain name "brocktoncapitalgroup.com", which was registered by Domains By Proxy, LLC.

IT IS FURTHER **ORDERED** that a copy of this Order must be served along with any subpoena issued pursuant to it.

IT IS FURTHER **ORDERED** that the entities served with the subpoena shall have fourteen (14) days to file a motion seeking to quash the subpoena. Accordingly, any subpoena served pursuant to this Order must specify that the recipient has at least fifteen (15) days to respond with the required information.

IT IS FURTHER **ORDERED** that any information disclosed to Plaintiff in response to a subpoena issued pursuant to this Order may be used solely for the purpose of protecting his rights under the claims for relief set forth in the Complaint. [Doc. 1].

DATED at Denver, Colorado, this 14th day of July, 2015.

BY THE COURT:

s/Craig B. Shaffer  
United States Magistrate Judge